UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TOMMY EARL JONES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-00257 |
| | ) | REEVES/SHIRLEY |
| BERNARD CLEMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

On May 20, 2016, Plaintiff Tommy Earl Jones, a pro se prisoner, filed a Complaint under 42 U.S.C. § 1983 [Doc. 2]. Over the course of the next nine months, Jones filed numerous amendments and supplements to his Complaint [Docs. 6, 8, 10-12, 14, 17-19, 21-23]. On February 22, 2017, the Court entered an Order granting Plaintiff's motion for leave to proceed *in forma pauperis* and screening Plaintiff's pleadings pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A [Doc. 24].[1] The Court dismissed numerous defendants and proposed claims, but it concluded that Plaintiff had stated plausible claims for Eighth Amendment medical deliberate indifference against several doctors and nurses who had treated him during his period of incarceration at Northeast Correctional Complex ("NECX") – Amy Bowen, Bernard Clement, and Heather Ollis – based on their alleged denial of pain medication for Plaintiff's chronic medical condition, Crohn's disease [*Id.*].[2]

---

[1] The Court found that Plaintiff met the imminent danger exception to 28 U.S.C. § 1915(g) based on his chronic medical conditions, and accordingly, Plaintiff's application for leave to proceed *in forma pauperis* was granted despite the fact that Plaintiff has had at least three previous civil rights actions dismissed as frivolous or for failure to state a claim [Doc. 24 at 1-5].

[2] The Court expressly rejected the following claims: (1) that the defendants' refusal to transfer him to a special care facility, refusal to refer him to a dietician or order that he be given a

Defendants Bowen, Clement, and Ollis thereafter filed their "Motion to Dismiss, or in the alternative, Motion for Summary Judgment" [Doc. 52].³ Plaintiff has not opposed Defendants' Motion to Dismiss and the time for filing a response in opposition has now expired. Instead, Plaintiff filed a motion to appoint counsel on June 23, 2017 [Doc. 56], and a supplemental brief [Doc. 57], which the Court construes as a motion for leave to amend his complaint to add claims against a new defendant Sidney Ballard, a nurse practitioner at NECX, related to medical care rendered on June 22, 2017.

These matters are now ripe for the Court's review.

## I. DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

In their Motion to Dismiss or for Summary Judgment and memorandum in support, Defendants argue that Plaintiff has failed to state a claim for relief against them for refusal to prescribe pain medication [Doc. 52].⁴ Defendants specifically argue that, when Plaintiff's

---

special diet, and rejection of his requests that he be referred for surgery constituted deliberate indifference; (2) that Reece and Cromwell's failure to respond to his complaints about Bowen was unconstitutional; (3) that the Defendants were liable to Plaintiff for violations of the Americans with Disability Act and the Rehabilitation Act; and (4) that Plaintiff was unlawfully terminated from his prison job in retaliation for exercising his First Amendment rights. The Court also dismissed without prejudice Plaintiff's second supplemental complaint, amended complaint, and supplement to amended complaint, which sought to add "Dr. Smoote" as a defendant, based on the first-to-file rule and Plaintiff's pending action against him in another district, and refused to consider numerous other briefs and supplements filed by Plaintiff which did not relate back to the original defendants and causes of action [Doc. 24 at 6-21].

³ On June 2, 2017, the Court ordered Plaintiff to show cause as to why this action should not be consolidated with E.D. Tenn. Case No. 3:16-cv-322 [*see* Doc. 50]. However, the Court has since dismissed Plaintiff's other § 1983 action, rendering the issue of consolidation with this action moot [*see* E.D. Tenn. Case No. 3:16-cv-322, Docs. 23-24].

⁴ Defendants utilized the first two pages of their Memorandum to set forth a detailed summary of the specific conduct that led to Plaintiff's convictions for rape, theft, aggravated kidnapping and aggravated burglary [Doc. 53 at 1-2]. The Court notes that the criminal acts that Plaintiff committed in 2009 are wholly irrelevant to the issues in the instant suit, which involves various acts of alleged deliberate indifference to Plaintiff's medical needs by doctors and nurses

allegations are considered in conjunction with his medical records and grievance records, it is clear that Plaintiff's Complaint fails to state a constitutional claim for medical deliberate indifference, as he merely disputes the adequacy of his treatment – specifically, the decision of the Defendants that narcotic pain medication should not be prescribed as part of Plaintiff's treatment for Crohn's disease. Defendants maintain that the Court may consider Plaintiff's grievances and medical records in ruling on their motion without converting it to a motion for summary judgment because these documents are "central to his claim[s]" [Doc. 53 at 8-9].

However, even if the Court were to accept Defendants' argument that the Court may consider these documents without converting the Motion to one for summary judgment, Defendants have failed to provide such documents to the Court.[5] Although Defendants filed

---

at NECX in 2016. The Court cautions Defendants to avoid the inclusion of potentially prejudicial or inflammatory facts in future filings if such facts are not relevant to the matter before the Court.

[5] "[A]s a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Although the United States Court of Appeals for the Sixth Circuit has held that district courts may consider documents outside of the pleadings at the motion to dismiss stage if they are referred to in the plaintiff's complaint and are central to his claim, such discretion is not without limits. *See, e.g. Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013) (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)); *see also Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997). The Sixth Circuit has clarified that, in order to preserve the rights of the non-moving party, a district court may not consider matters outside of the pleadings without converting the motion if "[t]he matters relied upon are facts which can be . . . questioned and challenged by [p]laintiff." *Burns*, 542 F. App'x at 467 (holding that district court erred in failing to convert motion to dismiss before considering letters, given that the content of the letters could be questioned and challenged by plaintiff); *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (holding that, at the motion to dismiss stage, a district court "must only take judicial notice of facts which are not subject to reasonable dispute," and that because the meaning of statements on defendant's website was question of fact which could be disputed, district court erred in taking judicial notice of those statements); *but cf. White v. Corr. Med. Svcs. Inc.*, 2009 WL 596473, at *4 (W.D. Mich. Mar. 6, 2009) (collecting cases for the proposition that a district court may take judicial notice of a prisoner-plaintiff's grievance filings solely for the purposes of determining whether he exhausted administrative remedies).

"placeholder" exhibits in conjunction with their supporting memorandum [Docs. 53-1, 53-2], noting that the relevant records would be "filed concurrently with Defendants' Motion" for leave to file records under seal. Defendants did file a Motion for leave to file documents under seal [Doc. 54]; however, they failed to file any attachment in conjunction with their Motion. In failing to either file a redacted version of the exhibit or submit the document to be "temporarily placed in the court record under seal pending a ruling on the motion," Defendants failed to comply with Eastern District of Tennessee Local Rule 26.2(b).[6] The Motion for Leave to File Under Seal [Doc. 54] must accordingly be **DENIED** based on Defendants' failure to comply with the required procedures for filing documents under seal.

Additionally, the Court clearly cannot review documents that have not been submitted into

---

Defendants' Motion and supporting memorandum suggest that they intend to have the Court consider the substance of Plaintiff's medical records and grievance records at the motion to dismiss stage. The Court notes that statements contained in medical records would generally be a factual issue, subject to reasonable dispute. Although the Court makes no explicit finding as to the necessity of conversion, given that it has not yet had opportunity to review the documents in question, it notes that it is unlikely that the Court would have considered such evidence without converting the Motion to one for summary judgment.

[6] Local Rule 26.2 provides, in relevant part, that

Court Records or portions thereof shall not be placed under seal unless and except to the extent that the person seeking the sealing thereof shall have first obtained, for good cause shown, an order of the Court specifying those Court Records, categories of Court Records, or portions thereof which shall be placed under seal; provided however, documents that are the subject of a motion to seal may be temporarily placed in the court record under seal pending a ruling on the motion. Unless the Court orders otherwise, the parties shall file with the Court redacted versions of any Court Record where only a portion thereof is to be placed under seal.

E.D. Tenn. L.R. 26.2(b); *see also* CM/ECF Sealed Documents, Documentation for Attorney, *available at* http://tned.uscourts.gov/docs/atty_documentation.pdf (providing that attorneys are required to file the proposed sealed document along with any Motion for Leave to File Document Under Seal in CM/ECF in any unsealed civil case in the District).

evidence. Given that the substance of Defendants' arguments for dismissal or summary judgment required consideration of such documents, the Court is unable to review Defendants' Motion on the merits at this time. Accordingly, Defendants' Motion [Doc. 52] will be **DENIED WITH LEAVE TO REFILE**.

## II. PLAINTIFF'S PROPOSED AMENDMENT

Without seeking leave of Court to leave to file an amended complaint, Plaintiff filed an additional "supplemental brief" on June 26, 2017 [Doc. 57]. Plaintiff purports to name a new defendant to this action, NECX nurse practitioner Sidney Ballard [*Id.*]. Plaintiff alleges that, on June 22, 2017, he was seen for "chronic care" by Ballard, who asked about the status of Plaintiff's Crohn's disease [*Id.*]. Plaintiff responded that his intestines were "swollen" due to an infected area of his ileum, that he had noticed the swelling "three weeks [prior] while in the kitchen," and that he had been scheduled for surgery in 2009 [*Id.*]. Ballard advised Plaintiff that she "would give [Plaintiff] the prednisone for 14 days 10 mg that the doctor here took me off of" [*Id.*]. Additionally, he advised Ballard that he had a constant headache due to stress, as well as neck, shoulder, back, and stomach pain, and asked her for ibuprofen [*Id.*]. Ballard advised Plaintiff to "see a psychiatrist" for his stress and informed Plaintiff that "there is no pain medication for Crohn's disease," as pain medications make the symptoms of the disease worse [*Id.*]. He then asked if there was anything that he could take for pain; Ballard had another employee check a list of indigent inmates, found that Plaintiff's name was not on the list, and advised him that he could "buy something for [his] headaches or get something from mental health" [*Id.*]. Plaintiff maintains that Ballard is "uphold[ing] the conspiracy of silence regarding [Plaintiff's] need for surgery" for his Crohn's disease and that he was improperly denied free pain medication even though he is indigent [*Id.*].

Because this supplement seeks to add new claims against a new defendant, the Court construes it as a motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a). Although leave to amend should be "freely given where justice so requires," Fed. R. Civ. P. 15(a), a district court has discretion to deny a motion for leave to amend where the proposed claims are "simply not related to [the] original claims," *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001).

Upon review of the Motion, the Court finds insufficient similarities between the claims currently being litigated in this action and Plaintiff's proposed new claims. Plaintiff has asserted Eighth Amendment claims against the current defendants, alleging that their individual medical decisions to deny his requests for pain medication constituted deliberate indifference to his medical needs. In his proposed amendment, Plaintiff alleges that Ballard was involved in a "conspiracy" to prevent him from obtaining surgery and that Ballard denied his request for ibuprofen based on her erroneous view that Plaintiff was not indigent.[7] The allegations and claims set forth in the proposed amendment are not related to Ballard's medical determination regarding Plaintiff's need for pain medication and are thus unrelated to the claims currently before the Court in this action. Further, the events are unconnected in time: the central facts in the original Complaint allegedly occurred in early 2016, whereas the events involving Ballard did not transpire until June 26, 2017. The fact that each cause of action is tangentially related to Plaintiff's medical care while

---

[7] The Court also notes that amendment would be futile. Plaintiff's own version of events demonstrates that Ballard did not deny Plaintiff medication to aid his symptoms and pain. She advised him that she could prescribe prednisone and that he could take ibuprofen, but that her list did not show that he was indigent so as to be entitled to the drug for free. These facts fail to state a plausible claim for relief for medical deliberate indifference under the Eighth Amendment. Additionally, Plaintiff has failed to include any allegations that would support a claim of civil conspiracy. Accordingly, even if the amendment were permitted, Plaintiff's proposed claims against Ballard would be subject to *sua sponte* dismissal pursuant to the PLRA.

6

incarcerated is insufficient to create a meaningful connection between these two pleadings. The Court concludes that the substance of the proposed amendment is "simply unrelated" to the defendants, facts, and claims in the original Complaint, and Plaintiff's construed Motion to Amend [Doc. 57] will be **DENIED**.

### III. MOTION TO APPOINT COUNSEL

In his motion for appointment of counsel, Plaintiff argues that he is unable to obtain an expert witness to testify, to adequately investigate, or to defend himself in this case involving "complex legal issues" [Doc. 56].[8] As the Court advised Plaintiff in denying his prior motion to appoint counsel in this action, "there is no 'automatic' constitutional right to counsel in a civil rights suit and, typically, counsel is only appointed in an exceptional case" [*see* Doc. 24 at 21-22 (quoting *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)]. The Court has once again carefully considered Plaintiff's motion and apparent ability to represent himself; based on the issues involved and the complexity of this case, as well as a review of the record as a whole, the Court concludes that no exceptional circumstances are present so as to justify appointment of counsel. *See, e.g.*, *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Accordingly, Plaintiff's motion for appointment of counsel [Doc. 56] is **DENIED**.

---

[8] Plaintiff indicates that he has filed this motion to appoint counsel as an attempt to create appellate jurisdiction over his previously dismissed interlocutory appeal of the Court's February 22, 2017 Order dismissing the majority of Plaintiff's claims [Doc. 56; *see* Docs. 24, 55].

## IV. CONCLUSION

For the reasons set forth herein:

- Defendants' Motion for Leave to File Under Seal [Doc. 54] is hereby **DENIED**;

- Defendants' Motion to Dismiss [Doc. 52] is hereby **DENIED WITH LEAVE TO REFILE**;

- Plaintiff's construed Motion for Leave to Amend his Complaint [Doc. 57] is hereby **DENIED**;

- Plaintiff's Motion for Appointment of Counsel [Doc. 56] is **DENIED**;

- The Court will enter a separate scheduling order to govern the remainder of this action.

**IT IS SO ORDERED.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**